UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

M.D., individually and on behalf of M.K., a child with a disability.

        *Plaintiffs*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

        *Defendant.*

COMPLAINT

Case No.

---

M.D., individually and on behalf of M.K., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the enforcement and fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. This is also an action pursuant to Title 42 of the United States Code, Section 1983 to redress the denial to plaintiff by defendant of protected liberty interests and rights without due process of law.

3. Plaintiffs M.D. and M.K. reside in the County of Bronx, State of New York.

4. M.K. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

5. M.D. is the parent of M.K. as defined by IDEA 20 U.S.C. § 1401(23).

6. Defendant New York City Department of Education is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject

to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

7. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction over actions brought under section 1415(i)(3) without regard to the amount in controversy.

8. Jurisdiction for the enforcement of the Findings of Fact and Decision under 42 U.S.C. §1983 is predicated upon 28 U.S.C. § 1331, and upon 28 U.S.C. § 1343, which provides, *inter alia,* the district courts with original jurisdiction to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

9. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

10. M.K. was born in 2011.

11. M.K. was classified as a student with autism by defendant's committee on special education (CSE).

12. By due process complaint (DPC) to the defendant dated July 23, 2018, plaintiff requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

13. The matter was assigned case number 175353.

14. Plaintiff's DPC demanded, *inter alia,* a finding that defendant did not provide M.K. with a free appropriate public education (FAPE) pursuant to IDEA

15. As relief, plaintiff's DPC requested, among other things, a speech-language evaluation, occupational therapy evaluation, functional behavioral assessment,

compensatory speech-language and occupational therapy services, and the addition of parent counseling and training to M.K.'s individualized education program (IEP). Plaintiff's DPC further requested as relief that the defendant locate a placement capable of providing M.K. with applied behavior analysis, and that in the event the defendant could not identify such a placement, that it locate a nonpublic school placement for M.K.

16. The defendant appointed Mindy Wolman as impartial hearing officer (IHO).

17. A pre-hearing conference was held on August 31, 2018, and a status conference followed on October 11, 2018. An impartial due process hearing was held for M.D. and M.K. on October 23, 2018.

18. On December 14, 2018, IHO Wolman issued a Findings of Fact and Decision in favor of the plaintiff, finding a denial of FAPE and ordering relief including: completion of occupational therapy, speech-language, functional behavioral assessment by the defendant, the defendant to fund an independent neuropsychological evaluation up to $4,500, the defendant to fund 156 hours of compensatory speech-language therapy, and 120 hours of compensatory occupational therapy, the addition of monthly parent counseling and training sessions to M.K.'s IEP, the addition of applied behavior analysis in a nonpublic school setting to M.K.'s IEP, and the defendant to enroll M.K. in a New York State approved nonpublic school within forty-five days of the Findings of Fact and Decision.

19. Defendant has not complied with all terms of the Findings of Fact and Decision, as defendant has not amended the Student's IEP to include monthly parent counseling and training sessions and applied behavior analysis in a nonpublic school setting, nor has defendant enrolled M.K. in a New York State approved nonpublic school as of present day.

20. As a result of defendant's failure to amend the IEP to include provisions for

parent counseling and training and applied behavior analysis, in accordance with the IHO's Findings of Fact and Decision, M.D. has been deprived of parent counseling and training, and M.K. has been deprived of applied behavior analysis methodology as part of his education.

21. As a result of defendant's failure to enroll M.K. in a New York State approved nonpublic school, in accordance with the IHO's Findings of Fact and Decision, M.K. has been deprived of an education in the most appropriate educational setting.

22. On April 22, 2019, plaintiff, through her counsel, submitted a demand for attorneys' fees to defendant's Office of Legal Services.

23. As of the date of this complaint, defendant has failed to settle the attorneys' fees in this matter.

## FIRST CAUSE OF ACTION

24. Plaintiffs repeat and reallege paragraphs 1 through 23 as if more fully set forth herein.

25. Plaintiff M.D. initiated an impartial hearing on behalf of M.K. under case number 175353.

26. Plaintiff M.D. prevailed at the impartial hearing by obtaining a decision and order from the impartial hearing officer ordering the relief demanded by plaintiff M.D.

27. Plaintiff M.D. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

## SECOND CAUSE OF ACTION

28. Plaintiffs repeat and reallege paragraphs 1 through 27 as if more fully set forth herein.

29. The defendant has not complied with the terms of the IHO's order in case number 175353.

30. Specifically, defendant has failed to amend M.K.'s IEP to include monthly parent counseling and training and applied behavior analysis in a New York State approved nonpublic school setting, and defendant has failed to enroll M.K. in a New York State approved nonpublic school.

31. As a result of defendant's failure to amend the IEP to include monthly parent counseling and training, M.D. has been deprived the service of parent counseling and training. As a result of the defendant's failure to amend M.K.'s IEP to include applied behavior analysis in a New York State approved nonpublic school setting, M.K. has been deprived of applied behavioral methodology and a New York State approved nonpublic school setting, as directed by the IHO's Findings of Fact and Decision.

32. Defendant has, under color of law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the IHO's order.

33. Plaintiff seeks equitable relief pursuant to 42 U.S.C. § 1983. See *Mrs. W. v. Tirozzi,* 832 F.2d 748, 755 (2nd Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); see also *Weixel v. Board of Educ. of City of New York,* 287 F.3d 138, 151 (2nd Cir. 2002) ("as noted above, plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983"); contra *A.W. v. Jersey City Public Schools,* 486 F.3d 791 (3rd Cir. 2007)

(describing circuit conflict as to availability of § 1983 relief under IDEA).

34. Specifically, plaintiff seeks an order directing that defendant comply immediately with all the terms of the IHO's December 14, 2018 order, including provisions on M.K.'s IEP for monthly parent counseling and training and applied behavior analysis in a New York State approved nonpublic school setting, and that defendant enroll M.K. in a New York State approved nonpublic school.

## THIRD CAUSE OF ACTION

35. Plaintiffs repeat and reallege paragraphs 1 through 34 as if more fully set forth herein.

36. The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

37. The First, Third, Fourth, Ninth and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. See, e.g., *Blanchard v. Morton School Dist.,* 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

38. Thus, in the alternative to the § 1983 cause of action stated above, plaintiffs seek an order pursuant to the IDEA's own enforcement authority directing that defendant comply immediately with all the terms of the IHO's order, including provision of immediate special education transportation for the student.

WHEREFORE, plaintiffs respectfully request that this Court:

(1)     Assume jurisdiction over this action;

(2)     Issue an order directing the defendant to comply with all the terms of the IHO's December 14, 2018 order, and include provisions on M.K.'s IEP for monthly parent counseling and training, and applied behavior analysis in a New York State approved nonpublic school setting, and that defendant enroll M.K. in a New York State approved nonpublic school.

(3)     Award to the plaintiffs costs, expenses and attorneys' fees for this 42 U.S.C. §1983 action pursuant to 42 U.S.C. § 1988;

(4)     Award to the plaintiffs costs, expenses and attorneys' fees for the administrative proceeding pursuant to 20 U.S.C. § 1415;

(5)     Award to the plaintiffs the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415; and

(6)     Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
       January 9, 2020                                     Yours etc.,

                                                            s/ Kevin M. Mendillo
                                                            CUDDY LAW FIRM, PLLC
                                                            Kevin M. Mendillo, Esq.
                                                           *Attorneys for Plaintiffs*
                                                           5693 South Street Road
                                                           Auburn, New York 13021
                                                           (315) 370-4020
                                                           kmendillo@cuddylawfirm.com